### PORTER v. KING.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

ATTORNEY AND CLIENT (§ 166*)—SERVICES—EVIDENCE.

    Evidence *held* to show that a client impliedly promised to pay an attorney the reasonable value of services rendered in the collection of claims.

    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Louis H. Porter against Henry A. King. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

F. Carroll Taylor, of New York City, for appellant.

PAGE, J. This is an action brought by an attorney to recover the reasonable value of services performed by him at the request of the defendant. The defendant in his answer denies that the services were performed at his request, and as a separate defense alleges that he

placed certain claims which he held against Charles G. Bishop and George W. Bishop in the hands of the North American Mercantile Collection Agency for collection upon an agreement to pay 10 per cent. of the amount collected, and that the agency notified him that it was unable to collect the claim, and he was then introduced to the plaintiff as the head of the law department of the agency, who agreed to bring suit if the defendant would pay a deposit of $15 to cover disbursements, and the defendant further agreed to pay a fee of 10 per cent. of the amount collected.

At the trial it was conceded that the services, as shown in the plaintiff's bill of particulars and as testified to by the plaintiff's witness Dodge, an attorney associated with the plaintiff, were performed for the defendant by the plaintiff's office force. They consisted principally of bringing two actions in the Supreme Court of Kings County upon a number of promissory notes made and indorsed by Charles G. Bishop and George W. Bishop. One of the actions was stayed because of the bankruptcy of Charles G. Bishop, but a claim was filed in bankruptcy, and an examination of the bankrupt thereon was made by the plaintiff's representative, Mr. Dodge, which resulted in the discovery of no assets. The action against George W. Bishop was continued, judgment rendered therein by default in favor of Henry A. King, this defendant, for over $1,200, and an order obtained for the examination of George W. Bishop in supplementary proceedings, which order was likewise stayed because of the bankruptcy of George W. Bishop. George W. Bishop was also examined in the bankruptcy court, and no assets were discovered. The plaintiff's witnesses testified that the defendant came to the plaintiff's office and authorized Mr. Dodge to commence the actions, and subsequently authorized the other proceedings, and that no mention was made of the amount to be charged for the work, except that the defendant was requested to pay a retainer of $15 in advance to cover disbursements, which he paid.

The defendant offered no evidence to support an agreement by the plaintiff to bring the actions for a contingent fee of 10 per cent. He testified that he took the claims to Mr. Stafford, the manager of the collection agency, and the agency could not collect them, and Mr. Stafford took him to the plaintiff's office, and said he would introduce the defendant to some one who would take the case, and that he then talked with the plaintiff and Mr. Dodge, who agreed to bring suit against the two Bishops to recover $1,085. He stated:

"They told me they would bring suit against the two Bishops and that I should pay them $15. That was all that was said."

The defendant's main evidence was directed towards showing that the plaintiff was principal stockholder and president of the collection agency, and that the defendant in some vague way thought that the agency, and not he, was employing the attorney; but, since it appears from his own testimony that the agency abandoned the claim and introduced him to the plaintiff as attorney, the evidence is not very material.

I can discover no evidence in the record to support a finding that the agency was employing the plaintiff to bring the actions, or that the de-

fendant had any reasonable ground for so supposing. The defendant's testimony concerning the payment of $15 to the plaintiff and the conversation leading to it do not show an agreement by the plaintiff to accept that sum in full. It is not disputed that the actions were brought and all the proceedings had with the knowledge and consent of the defendant, and the circumstances, I think, were sufficient to justify an implied promise that the plaintiff would pay what the services were reasonably worth.

I am of the opinion that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.